UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:02-CV-388-BR(3)

DWIGHT N. NEWSOME, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

LABOR READY, INC., and LABOR READY
MID-ATLANTIC, INC.,

    Defendants.

ORDER

FILED
1-21-03 bk
DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC

This matter is before the court on three motions: (1) plaintiff's motion to remand this action to state court; (2) defendants' motion to compel arbitration and to stay these proceedings pending arbitration; and (3) plaintiff's motion to strike the declaration of Todd N. Gilman. With regard to the first and third motions, defendants have responded and plaintiff has replied. With regard to the second motion, plaintiff has responded and defendants have replied. These motions are ripe for disposition.

I. BACKGROUND

Plaintiff filed this proposed class action on 8 May 2002 in the Superior Court of Wake County, North Carolina. The complaint alleges violations of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1, et seq. Of significance to the parties' arguments with regard to plaintiff's motion to remand, the complaint pleads an amount in controversy "in excess of $15,000.00," (Compl. ¶ 3); that defendants are "corporation [sic] organized under the laws of the state of Washington," (id. ¶ 7); that defendants are "engaged in interstate commerce," (id. ¶ 8); that

defendants failed to pay plaintiff and others "the minimum wage rate described in 29 U.S.C. § 206(a)(1) and/or the overtime wage rate described in 29 U.S.C. § 207(a)(1)," (id. ¶¶ 16-17); and seeks compensatory and "additional . . . liquidated" damages, as well as declaratory relief, (id. ¶¶ (a)-(f)).

Defendants removed the action to this court on 7 June 2002 alleging both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332 as grounds for removal. Defts.' Not. Removal ¶¶ 1, 2. Defendants filed the declaration of Wesley Tart ("Tart Dec.") in support of removal, along with their motions to compel arbitration and to stay these proceedings pending arbitration. Plaintiff then filed his motion to remand.

## II. DISCUSSION

The court turns first to plaintiff's motion to remand, obviously because the court must first determine that it has original jurisdiction in this case before it may consider the substantive issues contained in the other motions. The parties' dispute centers around two issues: the amount in controversy and whether plaintiff's complaint alleges a question of federal law. See Pltf.'s Mem. Supp. Mot. Remand at 2, 6; Defs.' Opp. Mot. Remand at 3-4. As the parties seeking removal, defendants bear the burden of proving the existence of subject matter jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). If jurisdiction is doubtful, a remand is necessary. See id.

A.  Federal Question Jurisdiction

Federal question jurisdiction arises in two ways: either "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 607 (4th Cir. 2002)(internal

2

quotations omitted). Federal law may be said to create the plaintiff's cause of action where federal law preempts the state law relied upon by the plaintiff in seeking relief. See Franchise Tax Bd. of State of Calif. v. Construction Laborers Vacation Trust for S. Calif. et al., 103 S.Ct. 2841, 2848 (1983); In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig., 216 F.Supp.2d 474, 496 (D. Md. 2002)("To support complete preemption, a statute must create a cause of action that vindicates the same interest as that which the plaintiff's state claim seeks to enforce."). However, as defendants concede, see Defs.' Mem. Opp. Mot. Remand at 21, it is clear that plaintiff's NCWHA claims are not necessarily preempted by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; this court has previously held that "there is no provision in the FLSA which explicitly indicates Congressional intent to prohibit a state from enacting a wage and hour standard more generous than the FLSA." Zelaya v. J.M. Macias, Inc., 999 F. Supp. 778, 781 (E.D.N.C. 1998).

Plaintiff has chosen to limit his complaint to state claims only under the NCWHA. "[S]ince the plaintiff is the master of the complaint, the well-pleaded-complaint rule enables him, by eschewing claims based on federal law, to have the cause heard in state court." Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 122 S.Ct. 1889, 1894 (2002)(internal quotations omitted). "The fact that the complaint references, or is in some part based upon, federal law does not mean that this case arises under federal law as contemplated by [28 U.S.C.] § 1331." Greer v. Crown Title Corp., 216 F.Supp.2d 519, 523 (D. Md. 2002)(citations omitted)(state consumer protection act claims did not rely on resolution of questions under Real Estate Settlement Procedures Act, 12 U.S.C. § 2607).

Defendants argue that "resolution of Plaintiff's second claim for relief necessarily depends on substantial questions of federal law": "the application of the [FLSA] is required because the

3

NCWHA expressly provides that employe[r]s engaged in interstate commerce, such as [defendants], *are not* subject to the minimum wage and overtime requirements." Defs.' Mem. Opp. Mot. Remand at 19, 21. It is true that the NCWHA exempts employers engaged in interstate commerce (as defined by the FLSA) from certain provisions of the Act. See N.C. Gen. Stat. § 95-25.14.[1] However, the parties do not dispute that defendants are engaged in interstate commerce. See Compl. ¶ 8; Defts.' Mem. Opp. Mot. Remand at 19. Therefore, it is not necessary to interpret any provision of the FLSA and plaintiff's right to relief does not depend upon resolution of a substantial question of federal law.

Even though plaintiff may be entitled to remedies under the FLSA, he maintains that he is bringing claims solely under the NCWHA as is his right to do, see Pl.'s Reply Mem. at 8-9, and will be bound to that choice when trying his case on its merits. In such a situation, federal question jurisdiction does not exist and remand is appropriate, see Ormet Corp. v. Ohio Power Co., 98 F.3d 799 (4th Cir. 1996)(remand inappropriate where parties dispute whether terms of contract make defendant an "owner" within meaning of the Clean Air Act), absent another basis for jurisdiction.

B. Diversity Jurisdiction

As an alternative ground for removal, defendants contend diversity jurisdiction exists. See Defts.' Mem. Opp. Mot. Remand at 5-16. The instant dispute centers on whether the requisite amount in controversy is met. See Pltf.'s Mem. Supp. Mot. Remand at 5-8; Defts.' Mem. Opp. Mot. Remand at 7-14. In determining whether there is a sufficient amount in controversy to meet the threshold for diversity jurisdiction in a proposed class action, it is well-settled that at least one plaintiff in the class must meet the required amount in controversy, and the claims of individual

---

[1] Specifically, the court notes that, of the exemptions for employers engaged in interstate commerce listed in the NCWHA, only the exemption for payment of overtime wages appears to interface with the claims for relief contained in plaintiff's complaint. Two of plaintiff's three claims have no conflict with N.C. Gen. Stat. § 95-25.14.

4

plaintiffs may not be pieced together to meet the amount in controversy. See Zahn v. International Paper Co., 414 U.S. 291 (1973). However, as defendants point out, where the complaint requests declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n 432 U.S. 333, 347 (1977).

In the Fourth Circuit, the court may consider the value of the object of litigation from the viewpoint of either party. See Government Employees Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964); McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 491-92 (S.D.W.Va. 2001); Hoffman v. Vulcan Materials Co., 19 F. Supp. 2d 475, 480-81 (M.D.N.C. 1998). As defendants recognize, it is unclear what standard of proof defendants must meet in showing the presence of the requisite amount in controversy under the law of the Fourth Circuit. See Defts.' Opp. Mot. Remand at 6. However, the court need not decide which standard of proof to apply in the instant case because the court concludes that defendants have not met their burden under any standard. See Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993)("the precise nature of the defendants' burden 'is a subject of much controversy,'" but not adopting any standard because the defendant had failed to meet any standard of proof).

In the instant case, plaintiff asks the court to "declare that the defendants . . . have violated their obligations under the [NCWHA] . . . to pay the plaintiff(s) and other similarly situated employees of one or more of the defendants when due . . . ." Compl. ¶ (d). Defendants contend that upon the issuance of such a declaration, defendants "would be required to undergo a fundamental change in the way [they] conduct[] [their] business operations and would be required to spend substantial sums to comply with the adverse judgment, including immediate, future and administrative costs of compliance, that would greatly exceed the jurisdictional minimum." Defts.'

5

Opp. Mot. Remand at 9. The court, however, is not convinced that the declaration plaintiff seeks necessitates any compliance on the part of defendants. In essence, it is merely a restatement of the judgment plaintiff seeks. It makes no reference to current, ongoing or future violations of the NCWHA on the part of defendants. Most significantly, it makes no demand for any action on the part of defendants, and therefore any compliance costs that they would incur would be purely voluntary on their part.

C. <u>Award of Plaintiff's Attorney Fees and Costs under 28 U.S.C. § 1447(c)</u>

Plaintiff also seeks the award of attorney fees and costs incurred in making his motion to remand the case. Pl.'s Mot. Remand at 4. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 USCA § 1447(c). "However, the court . . . finds that an award of costs and fees would be inappropriate in this case, because the defendants acted in apparent good faith on a colorable claim of removal." <u>Griffin</u>, 843 F.Supp. at 88.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand this case to state court is GRANTED. The clerk is hereby DIRECTED to mail a certified copy of this order to the clerk of the Wake County Superior Court pursuant to 28 U.S.C. § 1447(c) and close this case.

This __17__ January 2003.

W. EARL BRITT
Senior United States District Judge

dnn/lri/tec
order.wpd

6

Case 5:02-cv-00388-BR    Document 19    Filed 01/21/03    Page 6 of 6